NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 08-2074
_____


UNITED STATES OF AMERICA

v.

NATHANIEL MONTGOMERY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-02-cr-00172-020)


_____

Submitted Under Third Circuit LAR 34.1(a)
on October 7, 2010


Before: FUENTES, JORDAN and ALDISERT, Circuit Judges

(Filed: October 28, 2010)


_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Nathaniel Montgomery appeals from a decision of the District Court for the

Eastern District of Pennsylvania, which denied his motion to reduce the sentence he is

serving for crack and powder cocaine offenses. He contends that we should reverse the

District Court's denial of his "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," both because of recent amendments to the United States Sentencing Guidelines, and because the District Court denied his Motion without first holding an evidentiary hearing. His contentions are foreclosed by federal statute and by United States v. Styer, 573 F.3d 151 (3d Cir. 2009), and accordingly we will affirm.[1]

## I.

Because we write for the parties, who are familiar with the events that gave rise to this appeal, we state the facts and District Court proceedings only as necessary to explain our reasoning. A jury convicted Montgomery of conspiracy to distribute crack and powder cocaine. At sentencing, the Court determined that he was responsible for distributing more than 1.5 kilograms of crack cocaine and, separately, more than 150 kilograms of powder cocaine. Each finding was an independent basis for Montgomery's base offense level of 38 under the Guidelines. After Montgomery's incarceration began, Congress reduced the sentencing range for crack (but not powder) cocaine offenses. See U.S.S.G. § 2D1.1 (2007); id. Supp. to App. C, Amend. 706. He filed a "Motion for Reduction of Sentence," and requested an evidentiary hearing, but the District Court denied the Motion and the hearing on the ground that his powder cocaine conviction independently supported his sentence. Montgomery appealed.

## II.

We review de novo a district court's interpretation of the Guidelines. United States

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. §§ 3231, and 3582(c)(2). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review a district court's denial of a § 3582(c)(2) motion, as well as a district court's denial of an evidentiary hearing, for abuse of discretion. Styer, 573 F.3d at 153-154. We review for plain error non-jurisdictional issues a party raises for the first time on appeal. United States v. Vazquez, 271 F.3d 93, 99 (3d Cir. 2001) (en banc).

### III.

The District Court correctly denied Montgomery's Motion, because he did not make a prima facie case for relief under § 3582(c)(2). Because the Motion failed as a matter of law, the Court was within its discretion in not holding an evidentiary hearing before ruling upon it. We therefore will affirm its decisions in all respects.

### A.

Montgomery appeals from a denial of his "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)." Section 3582(c)(2) authorizes district courts to reduce an otherwise final sentence if it is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Montgomery's conviction does not qualify because his sentencing range is unaffected by the amendment. The more than 150 kilograms of powder cocaine for which he was responsible supports his base offense level, wholly apart from any changes to the Crack Cocaine Guidelines range. Because the amendments did not lower Montgomery's sentencing range, the Court correctly rejected his claim that they entitle him to a reduction.

### B.

Montgomery also challenges the District Court's decision to deny his Motion

without holding an evidentiary hearing. He appears to raise this issue for the first time on appeal, as it does not appear that he requested an evidentiary hearing in the District Court, nor did he object to the Court's decision to rule without one. Accordingly, we review the record for plain error only, Vazquez, 271 F.3d at 99, and we affirm because a hearing would not have changed the result in this case. Even assuming he did preserve the issue, however, we would affirm the District Court. A defendant who moves to have his sentence reduced is not entitled to an evidentiary hearing; whether to hold one is at the discretion of the trial court. Styer, 573 F.3d at 153. In this case, the Court needed no hearing, because there was no evidentiary issue to resolve – § 3582(c)(2) foreclosed Montgomery's Motion, as a matter of law. Because there was no need for a hearing, the District Court acted within its discretion in declining to hold one.

* * * * *

We hold that the District Court did not err in denying Montgomery's § 3582(c)(2) Motion, and that it acted within its discretion in declining to hold an evidentiary hearing in this case. The judgment of the District Court will be AFFIRMED.

4