**DLD-193**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1843
_____

UNITED STATES

v.

NATHANIEL MONTGOMERY
a/k/a SHU SHU

NATHANIEL MONTGOMERY,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-02-cr-00172-020)
District Judge:  Honorable Stewart Dalzell

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: July 21, 2011  )
_____

OPINION
_____

PER CURIAM

　　Nathaniel Montgomery is serving a 280-month sentence imposed by the District

Court for his role in the Carter Organization, "a massive drug dealing operation spanning

the Commonwealth of Pennsylvania and Wilmington, Delaware." United States v. Montgomery, --- F. App'x ---, 2007 WL 3122255, *1 (3d Cir. Oct. 26, 2007).[1] We have already determined that Montgomery's sentence is reasonable, see id. at *4, and, further, that he is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2), because "[t]he more than 150 kilograms of powder cocaine for which he was responsible supports his base offense level, wholly apart from any changes to the Crack Cocaine Guidelines range." United States v. Montgomery, 398 F. App'x 843, 845 (3d Cir. 2010).

In Montgomery's latest challenge to his sentence, he claimed that he should be resentenced based on the instruction from Spears v. United States, 129 S. Ct. 840, 843 (2009) (per curiam), that "[a] sentencing judge who is given the power to reject the disparity created by the crack-to-powder ration must also possess the power to apply a different ratio which, in his judgment, corrects the disparity." Montgomery invited the District Court to resentence him using the 1:1 ratio found to be appropriate in United States v. Gully, 619 F. Supp. 2d 633 (N.D. Iowa 2009). The District Court rejected Montgomery's invitation, concluding that "employing a different crack-to-powder ratio would have no effect on Montgomery's base offense level or his sentence." We agree with that conclusion and will summarily affirm the District Court. See I.O.P. 10.6

---

[1] Specifically, Montgomery was convicted by the jury of conspiring to distribute powder cocaine and crack cocaine. "At sentencing, the [District] Court determined that he was responsible for distributing more than 1.5 kilograms of crack cocaine and, separately, more than 150 kilograms of powder cocaine." United States v. Montgomery, 398 F. App'x 843, 844 (3d Cir. 2010).

2