NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1280
_____

UNITED STATES OF AMERICA

v.

NATHANIEL MONTGOMERY
a/k/a
"SHU SHU"

Nathaniel Montgomery,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:02-cr-00172-020)
District Judge:  Honorable Stewart Dalzell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012
Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 11, 2012 )
_____

OPINION
_____

PER CURIAM

        Nathaniel Montgomery appeals the denial of the motion he filed pursuant to 18

1

U.S.C. § 3582(c)(2) in the United States District Court for the Eastern District of Pennsylvania. We will affirm.

Because we write primarily for the parties, we will but briefly recite the facts of this case. Montgomery was indicted on a drug-conspiracy charge stemming from his role in the notorious Carter Organization; specifically, he was charged with conspiracy to distribute more than five kilograms of powder cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846. Following a jury trial, Montgomery was convicted of the offense. The pre-sentence report (PSR) prepared by the probation office determined that Montgomery was "accountable for greater than 1.5 kilograms of cocaine base ("crack"); and greater than 150 kilograms of powder cocaine (which combine to equate to a minimum of 60,000 kilograms of marijuana) in furtherance of the criminal activity." PSR ¶ 63. Applying the November 2003 Sentencing Guidelines, the PSR set Montgomery's base offense level at 38. See U.S.S.G. § 2D1.1(c)(1) (2003). Following a Booker[1] remand, Montgomery was resentenced in 2006 to a term of 280 months of incarceration. We affirmed his sentence on direct appeal. See generally United States v. Montgomery, No. 06-1569, 2007 U.S. App. LEXIS 25258 (3d Cir. Oct. 26, 2007).

Since that time, both the statutory terms and Guidelines ranges attached to crack offenses have been lowered, and Montgomery has endeavored to avail himself of the changes. In the appeal from one of Montgomery's previous, unsuccessful attempts to seek relief via § 3582(c)(2), we explained to him why he might encounter difficulty

premising his motion on the changed crack sentencing ranges: "[t]he more than 150 kilograms of powder cocaine for which he was responsible supports his base offense level, wholly apart from any changes to the Crack Cocaine Guidelines range." United States v. Montgomery, 398 F. App'x 843, 845 (3d Cir. 2010).

Montgomery filed this § 3582(c)(2) motion pursuant to Guidelines Amendment 750,[2] arguing that he was eligible for a reduction in his sentence due to the further lowering of the crack Guidelines. The District Court denied relief, reemphasizing that Montgomery's powder cocaine range had not changed. Montgomery appealed.

We have jurisdiction under 28 U.S.C. § 1291. While the ultimate decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) is committed to the discretion of the District Court, we exercise plenary review over the Court's legal analysis. United States v. Styer, 573 F.3d 151, 153 (3d Cir. 2009); United States v. Doe, 564 F.3d 305, 307 n.2 (3d Cir. 2009).

The District Court rightly concluded that Montgomery was not entitled to relief under § 3582(c)(2), which allows for a sentence reduction based on "a sentencing range

---

[1] United States v. Booker, 543 U.S. 220 (2005).

[2] The amendment "re-promulgate[d] as permanent the temporary, emergency amendment (effective Nov. 1, 2010) that implemented the emergency directive in section 8 of the Fair Sentencing Act of 2010, Pub. L. 111–220 (the 'Act'). The Act reduced the statutory penalties for cocaine base ('crack cocaine') offenses, eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine, and contained directives to the Commission to review and amend the guidelines to account for specified aggravating and mitigating circumstances in certain drug cases." U.S. Sentencing Guidelines Manual app. C Vol. 3, at 392 (2011), available at

that has subsequently been lowered by the Sentencing Commission." The sentencing range for powder cocaine was left unaltered by the modifications to the crack Guidelines. Compare U.S.S.G. § 2D1.1(c)(1) (2011), with U.S.S.G. § 2D1.1(c)(1) (2003). Thus, our observation from Montgomery's prior appeal retains its full force: the cocaine exposure alone would suffice to place Montgomery at a base offense level of 38. Recognizing this impediment, Montgomery argues that the amount of crack and powder cocaine with which he was associated in the PSR represented "extrapolated drug amounts"; and, thus, he maintains that the lowering of the Guidelines range attached to 1.5 kilograms of crack (compare U.S.S.G. § 2D1.1(c)(3) (2011), with U.S.S.G. § 2D1.1(c)(1) (2003)) could conceivably lead to an independent reevaluation of his sentence. But § 3582 authorizes "only a limited adjustment to an otherwise final sentence and *not* a plenary resentencing proceeding." Dillon v. United States, ___ U.S. ___, 130 S. Ct. 2683, 2691 (2010) (emphasis added). The District Court is not authorized, via § 3582(c)(2), to conduct the inquiry Montgomery seeks in the absence of a lowered Guidelines range, and here there is no question that the applicable range was not lowered.[3] Therefore, relief was properly denied. Because we find the language of § 3582(c)(2) sufficient to so conclude, we need

---

http://www.ussc.gov/guidelines/2011_Guidelines/Manual_PDF/Appendix_C_Vol_III.pdf
.

[3] Moreover, Montgomery's bifurcation of his sentence into "crack" and "powder" components is undermined by the fact that he was convicted on a single count of conspiracy to distribute both drugs. See Montgomery, 2007 U.S. App. LEXIS 25258, at *3. We find no record support for Montgomery's contention that he was sentenced "only" for the crack portion of the conspiracy. See, e.g., Apr. 30, 2004 Tr. 46:19–22 (adopting the PSR, as amended, as the findings of the District Court during sentencing).

4

not address Montgomery's claim that portions of the Guidelines are unconstitutional.

For the foregoing reasons, we will affirm the order of the District Court.