DLD-075                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3738
_____

UNITED STATES OF AMERICA

v.

NATHANIEL MONTGOMERY, a/k/a Shu Shu

Nathaniel Montgomery,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00172-20)
District Judge: Stewart Dalzell

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2016

Before: CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 29, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Nathaniel Montgomery appeals from an order of the District Court denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will summarily affirm.

Montgomery was convicted following a jury trial of conspiring to distribute powder cocaine and crack cocaine. "At sentencing, the [District] Court determined that he was responsible for distributing more than 1.5 kilograms of crack cocaine and, separately, more than 150 kilograms of powder cocaine." United States v. Montgomery, 398 F. App'x 843, 844 (3d Cir. 2010). Following a Booker remand,[1] Montgomery was resentenced in 2006 to a term of imprisonment of 280 months. We affirmed this sentence on direct appeal, see United States v. Montgomery, 2007 WL 3122255 (3d Cir. Oct. 26, 2007).

In 2011, Montgomery filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines Amendment 750, which lowered the base offense level for crack cocaine. The District Court concluded that Montgomery was not entitled to a sentence reduction and denied the § 3582(c)(2) motion, reasoning that the established quantity of 150 kilograms of powder cocaine continued to result in a base offense level of 38. We affirmed on appeal, see United States v. Montgomery, 473 F. App'x 173, 174-75 (3d Cir. 2012).

Most recently, in an order entered on February 23, 2015, the District Court, by agreement of the parties, reduced Montgomery's sentence pursuant to 18 U.S.C. §

---

[1] United States v. Booker, 543 U.S. 220 (2005).

3582(c)(2) and Amendment 782 to a term of imprisonment of 235 months, see Docket Entry No. 2641.

At issue in this appeal, on July 11, 2016, Montgomery filed a § 3582(c)(2) motion, seeking a reduction under Amendment 759. Montgomery also argued that the Government withheld an exculpatory statement made by a cooperating witness. The Government responded to Montgomery's § 3582(c)(2) motion, arguing that Amendment 759 implemented Amendment 750, and that relief was not warranted under those amendments, but that a reduction under Amendment 782 was warranted. The Government noted that, in this Amendment, the Sentencing Commission lowered the base offense level for *all* drug offenses, and, under the new U.S.S.G. § 2D1.1(c)(2), at least 150 kilograms of cocaine but less than 450 kilograms of cocaine carries a base offense level of 36, rather than 38. This would have the effect of lowering Montgomery's Guidelines imprisonment range to 235-293 months.

In an order entered on September 13, 2016, the District Court denied Montgomery's motion for reduction of sentence, noting that his sentence had already been reduced by agreement of the parties to 235 months' imprisonment.

Montgomery appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised Montgomery that his appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The

3

District Court's ultimate decision to deny a § 3582(c)(2) motion is reviewed for an abuse of discretion, but we review *de novo* the District Court's interpretation of the Guidelines. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). In 2010, the United States Sentencing Commission promulgated Amendment 750 to the Guidelines that, effective November 1, 2011, "reduced the base offense levels for crack cocaine offenses by increasing the weight of drugs associated with each offense level." See United States v. Ware, 694 F.3d 527, 529-30 (3d Cir. 2012). Simultaneously, the Commission also promulgated Amendment 759, "adding the relevant portions of Amendment 750 to the list of amendments that may trigger a retroactive sentence reduction," and modifying the commentary to its policy statement to specify that "applicable guideline range" is to be calculated *prior* to any variance or departure. Id. at 531. Amendment 759 thus provided a new and more restrictive definition of "applicable guideline range," see United States v. Flemming, 723 F.3d 407, 413 (3d Cir. 2013).

Montgomery was not entitled to a sentence reduction under Amendments 750 and 759, and thus District Court properly denied his most recent § 3582(c)(2) motion. See Montgomery, 473 F. App'x at 174 ("[O]ur observation from Montgomery's prior appeal retains its full force: the cocaine exposure alone would suffice to place Montgomery at a base offense level of 38."). Moreover, section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. United States, 560 U.S. 817, 826 (2010). In addition, as noted by the District

4

Court, Montgomery previously received a reduction in his sentence to 235 months' imprisonment.[2]

For the foregoing reasons, we will summarily affirm the order of the District Court denying Montgomery's most recent § 3582(c)(2) motion.

---

[2] In a reply to the Government's response, which was mailed from prison two days after the District Court issued its decision (and filed on the docket on September 23, 2016), see Docket Entry No. 2771, Montgomery reiterated his original arguments, which do not persuasively establish that he is entitled to a reduction under Amendment 759. But he also asked the District Court, for the first time, to award him a reduction in sentence under Amendment 794. Amendment 794, which went into effect on November 1, 2015, introduced in the commentary of § 3B1.2 a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment, see United States v. Quintero-Leyva, 823 F.3d 519, 522 (9th Cir. 2016). Because this request was received after the District Court's final order issued, the Court's decision and our affirmance is without prejudice to any relief Montgomery may be due under Amendment 794. We express no view whatever on that subject.