BLD-085                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3948
_____

UNITED STATES OF AMERICA

v.

HIGINIO CASTILLO, a/k/a Gordo, a/k/a Gordito,
a/k/a Little Man, a/k/a Piting, a/k/a Donald

Higinio Castillo,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 2-12-cr-00230-003)
District Judge:  Honorable Legrome D. Davis

_____

Submitted for a Decision on the Issuance of a Certificate of Appealability or
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 28, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: February 10, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Higinio Castillo pleaded guilty in federal court to kidnapping, brandishing a firearm while kidnapping, and a variety of drug trafficking charges. In June 2015, he received two consecutively running sentences of 120 months. Castillo's aggregate sentence was much lower than the advisory Guidelines range of 382 to 447 months.

Over a year later, Castillo filed a self-styled "motion requesting to be re-sentenced concurrently" to "afford [him] the 'grace' of being released from prison in his thirties, instead of his [forties]." Castillo cited no legal authority to support his motion other than Guidelines Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2 (lower offense level for "mitigating role" in criminal activity) several months before Castillo was sentenced. The District Court denied Castillo's motion and he appealed.

Our clerk advised that we would consider whether a certificate of appealability ("COA") is required for this appeal. We conclude that a COA is unnecessary because, among other reasons, Castillo's motion may be construed as seeking relief under 18 U.S.C. § 3582(c)(2). See United States v. Taylor, 627 F.3d 674, 676 (7th Cir. 2010). We thus exercise jurisdiction under 28 U.S.C. § 1291.

We will summarily affirm the District Court's September 21, 2016 order because this appeal presents no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Castillo provides no basis for disturbing the District Court's decision, and we discern none from the record below.