UNITED STATES

v.

David COBB

CRIMINAL ACTION NO. 09–733–02
CIVIL ACTION NO. 16–5263

United States District Court,
E.D. Pennsylvania.

Signed April 3, 2017

David Cobb, pro se.

## MEMORANDUM

EDUARDO C. ROBRENO, JUDGE.

Petitioner David Cobb is a federal prisoner seeking a reduction of his sentence under a recent amendment to the Sentencing Guidelines. For the reasons that follow, the Court will deny the motion.

## I. BACKGROUND

In June 2010, a jury in the Eastern District of Pennsylvania convicted Petitioner David Cobb—and his brother, Jonathan Cobb—of one count of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846; and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21

U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On November 3, 2010, this Court sentenced Petitioner to 288 months of imprisonment, eight years of supervised release, a $1500 fine, and a $200 special assessment.

Petitioner appealed his conviction, which the Third Circuit affirmed on May 25, 2012. United States v. Cobb, 483 Fed. Appx. 719 (3d Cir. 2012). On September 24, 2013, Petitioner filed a motion to vacate, set aside, or correct his conviction or sentence under 28 U.S.C. § 2255. ECF No. 221. The Court denied this motion as untimely on September 5, 2014. ECF Nos. 238, 239.

On September 29, 2016, Petitioner filed another § 2255 petition, which he corrected, using the standard form, on November 4, 2016. ECF No. 296. The Government filed a response on December 28, 2016. ECF No. 298. This motion is now ripe for disposition.

## II. DISCUSSION

In this motion, Petitioner contends that his sentence should be reduced in accordance with Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2—the Guidelines section that provides for a downward adjustment to the offense level if the defendant was a minimal or minor participant in the criminal activity. Most notably, Amendment 794—which went into effect on November 1, 2015—added a list of factors that a court should consider in determining whether to decrease an individual's offense level under § 3B1.2. In short, it "provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015).

This motion should be properly construed not as a § 2255 petition,[1] but as a

---

1. If the Court construes the petition as it is labeled—a § 2255 petition—the Court is not required to hear the petition because it is a "second or successive" petition requiring au-

motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). See United States v. Kuran, Nos. 16–4575, 13–160, 2017 WL 914816, at \*4 (E.D. Pa. Mar. 8, 2017) (Pappert, J.) ("In Kuran's Section 2255 motion, she also contends that Amendment 794 to the Sentencing Guidelines would result in a reduced sentence and apply retroactively. Because Kuran is proceeding pro se, the Court should liberally construe her filings with an eye toward substance, rather than form. The Court will therefore construe Kuran's motion as a one to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2) . . . .").[2]

■ Title 18 of the United States Code, Section 3582(c)(2) "permits a district court to exercise its discretion to reduce a sentence only if: (1) the sentence is 'based on' a Guidelines range that has subsequently been lowered; and (2) a sentence reduction would be consistent with the Sentencing Commission's policy statements." United States v. Thompson, 825 F.3d 198, 200 (3d Cir. 2016).

The first question, then, is whether Amendment 794 would have the effect of lowering Petitioner's Guidelines range. There are two factors here: first, whether Amendment 794 applies retroactively, and second, whether Amendment 794, if applied retroactively in general, would apply specifically to Petitioner's situation. The first factor—the general retroactivity of Amendment 794—is dispositive.

The Third Circuit has not considered this issue. Neither have any district courts within the Third Circuit. Indeed, it appears that only four times have courts in this circuit even mentioned Amendment 794. Three of those courts did not even approach analysis of the amendment's ret-

roactivity. See United States v. Castillo, No. 16-3948, 677 Fed.Appx. 33, 34, 2017 WL 543188, at \*1 (3d Cir. Feb. 10, 2017) (summarily affirming the district court's dismissal of the petitioner's request for reduction in sentence based on Amendment 794, where the amendment went into effect before the petitioner was sentenced, and the petitioner "provide[d] no basis for disturbing the District Court's decision"); United States v. Montgomery, No. 16-3738, 672 Fed.Appx. 144, 146 n.2, 2016 WL 7478499, at \*2 n.2 (3d Cir. Dec. 29, 2016) (noting that the petitioner had, in a request not before the court at that time, requested relief based on Amendment 794, and expressing no view on whether the petitioner might be entitled to such relief); Lewis v. United States, No. 16-8997, 2016 WL 7440466, at \*1 (D.N.J. Dec. 27, 2016) (noting that one of the petitioner's seven claims involved Amendment 794, but analyzing none of the claims because the § 2255 petition was an unauthorized second or successive motion). The fourth, Kuran, noted in passing that "whether Amendment 794 applies retroactively is unsettled in this circuit," and that two other district courts—in Hawaii and Texas—that have addressed "the retroactivity of Amendment 794 in the context of collateral attacks have found the Amendment non-retroactive." 2017 WL 914816, at \*4. At any rate, the question is not difficult.

A policy statement within the Sentencing Guidelines sets forth the Guidelines amendments that should be applied retroactively. Specifically, Guidelines Section 1B1.10(a)(2) states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement"—and therefore not authorized un-

---

thorization from the Third Circuit before proceeding. See 28 U.S.C. §§ 2244 & 2255(h).

**2.** Judge Pappert did not reach the substance of Kuran's argument about Amendment 794

because Kuran had waived her rights to collaterally attack her sentence. Kuran, 2017 WL 914816, at \*4.

der § 3582(c)(2)—unless it is listed in subsection (d) of the same subsection. See United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995) (explaining that, "by the plain language of the policy statement," an amendment not appearing in subsection (d) (then subsection (c)) "does not have retroactive effect"). Amendment 794 is not listed in subsection (d). Accordingly, except in limited circumstances not present here,[3] Amendment 794 does not apply retroactively to form the basis for a reduction of sentence under § 3582(c)(2).

Therefore, Petitioner is not entitled to relief pursuant to Amendment 794,[4] and the Court will deny Petitioner's motion.

## III.   CONCLUSION

For the foregoing reasons, the Court will construe Petitioner's motion as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), and deny the motion.

## ORDER

AND NOW, this **3rd** day of **April, 2017,** for the reasons stated in the accompanying memorandum, it is hereby **ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 296), which the Court has construed as a Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2), is **DENIED.**

**AND IT IS SO ORDERED.**

---

**3.** At least three circuit courts—the Sixth, Ninth, and Eleventh—have held that Amendment 794 applies retroactively to defendants whose sentences are still on direct appeal. See United States v. Quintero-Leyva, 823 F.3d 519, 524 (9th Cir. 2016) ("Amendment 794 applies retroactively in direct appeals."); United States v. Carter, 662 Fed.Appx. 342, 349 (6th Cir. 2016) (adopting the reasoning of Quintero-Leyva); United States v. Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016) (agreeing with Quintero-Leyva). But, as many district courts have recognized, those holdings are limited to such defendants; Amendment 794 is not retroactive as to individuals seeking collateral relief. E.g., United States v. Osborne, No. 13-30, 2017 WL 915129, at *2 (E.D. Ky. Mar. 8, 2017); United States v. Sanchez, No. 14-78, 2017 WL 394095, at *3 (D.R.I. Jan. 26, 2017); United States v. Moore, No. 06-12, 2017 WL 213042, at *1–2 (E.D. Tenn. Jan. 18, 2017); United States v. Nunez, No. 13-383, 2017 WL 119169, at *5 (N.D. Cal. Jan. 12, 2017); Koelblin v. United States, Nos. 15–11, 16–1996, 2016 WL 7012302, at *2 (N.D. Ohio Dec. 1, 2016); United States v. Collins, No. 14-368, 2016 WL

6835063, at *1 (S.D. Tex. Nov. 21, 2016); United States v. Burlingame, No. 15-20042, 2016 WL 6777834, at *2 (E.D. Mich. Nov. 16, 2016); Filippelli v. United States, No. 16-24495, 2016 WL 6876491, at *6 (Oct. 31, 2016); Diaz v. United States, No. 16-2804, 2016 WL 6407963, at *3 (W.D. Tenn. Oct. 28, 2016); Vergara v. United States, Nos. 16–394, 14–222, 2016 WL 5717843, at *2–3 (W.D. Tex. Sept. 30, 2016).

Here, Petitioner's appeal ended, and his sentence was made final, several years before Amendment 794 went into effect.

**4.** Moreover, though the Court need not reach this issue, it is unclear whether Petitioner could benefit from Amendment 794 even if it were retroactive, because he never requested a minor role reduction under § 3B1.2—which existed before Amendment 794. Compare Cobb Sentencing Mem., ECF No. 172, and Cobb Sentencing Hr'g Tr., ECF No. 207, with Quintero-Leyva, 823 F.3d at 522 (at sentencing, defendant requested a minor role reduction and the court denied it), and Carter, 662 Fed.Appx. at 345 (same).